Uniloc vs. E-MDS, Inc. Mr. Mager, we'll give them a chance to clear out. Proceed. Okay, go ahead. This companion appeal stems from a decision, the first decision, that addresses or reached a final decision only on one claim per patent, so Claim 1 of the 526 patent and Claim 6 of the 451 patent. And the court... Yes, under an Affirmative Related Case Clause. Isn't this appeal already moot? You entered into a joint voluntary dismissal, and you didn't preserve any right to appeal. So we brought that to Your Honor's attention in our briefing. It was the last section of our brief. And our point in...we distinguished the Aquamarine case. Where in the joint voluntary dismissal did you preserve a right to appeal? No, there's nothing expressed. I'm referring to our briefing. There's nothing expressed in the voluntary dismissal to preserve a right to appeal. Then how is it not moot? You didn't preserve a right to appeal. You agreed to a voluntary dismissal of the case in a settlement. The fact that you recognized your mistake and tried to get the district court to vacate that doesn't matter. It's on all fours with Aquamarine. Well, our point, the point that we make in our briefing in trying to distinguish it from Aquamarine is this. So we have the same district judge, the same two patents, and then... I don't understand. Mootness is akin to jurisdiction. How do we have the right to review this case when there are no defendants in it and you voluntarily settled it? I will tell you that I spoke with my colleagues about asking you to defend why your appeal in this case is not frivolous in light of our Aquamarine decision. When we look at Aquamarine, one of the points it says is that there was no concrete living contest between adversaries. But there is none in this case because you settled with this defendant. Well, one thing that's unique about this case is that what happened was there was a... Where's your adversary? Well, the adversaries just left. Those adversaries... They're not your adversary in this case. You settled this case. No, my point is, so the adversaries, when they... You make that point all the lot. Is there anybody in this case that is adverse to you or did you voluntarily settle this case and dismiss all claims? We voluntarily settled and dismissed all claims. And you didn't preserve... Because sometimes you get a bad claim construction ruling or the like and you agree to non-infringement, settle, and reserve a right to appeal the claim construction. You potentially could have agreed after the invalidated decision here to settle for all other purposes but retain a right to appeal, but you didn't do it, right? There is nothing in your voluntary dismissal that preserves anything. The case was gone. That is correct. Then how is this case properly before us? Well, this is the point I want to raise, and that is the motion that was decided in the original case that invalidated only to a claim for patent, that is the same motion that it was incorporated by reference into what we just heard today. So there was the arguments, and the reason why I think that's important is because Ock Marine says there wasn't a concrete living contrast between adversaries. Here the unique situation is that, and this is as the order in the 172171 case acknowledged, each of the moving defendants in that action incorporated by reference without modification the motion filed by defendants in this action. So our point is... So if they incorporated it by reference in that case, you should have been arguing it in that case, not this case which is moved. It was the same motion. That's what we just argued. Yes, but if it was live as to defendants that you didn't settle with, it was live in the other case. It's not live in this case. I see. That's our point. Our argument... It doesn't sound like it's a correct point to me. It sounds like you wasted our time in a case where you voluntarily settled and dismissed the case and then appealed from that agreement to settle. Well, I want to emphasize again that this, in the event that this appeal is moved, it affects a claim per patent. So it affects claim one of the 526 patent and claim six of the 451 patent. It would not affect the remainder of the claims that were on appeal in the companion case. Well, it doesn't affect any of the claims in the other case because it's not the same case. I see. Okay. Yeah, I see what you're saying. My point is if the appeal is moot and then that judgment then stands unappealed, then the companion case claims that aren't affected would still be in play. That's the point I'm trying to make. And we also, in our brief, when we talked about how the public interest in judicial precedent is not threatened by upholding jurisdiction in this appeal, to the contrary, allowing this appeal to rise or fall in the same merits of appeal number 172171 will serve the interest of the public, the parties, and the judiciary in rendering consistent judgments. So this all appears in our briefing. And we thought it important when we filed our appeal to bring this to Your Honor's attention, and that was the basis that we felt it was still appropriate to appeal. And if Your Honor has any questions on the merits, I think we've addressed that in the companion appeal. I have time remaining, so if you have any other questions, I'm happy to answer those. Okay, thank you, Mr. Mangrum. We'll take this case under submission. We're all done. Thank you.